UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY MARION,

                Plaintiff,

vs.                                  Case No.  2:06-cv-219-FtM-29SPC

GENERAL AMERICAN LIFE INS. CO.,
JAMES HARMATY and EUGENE L. HARMATY
a/k/a GENE HARMATY,

                Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction and Supporting Memorandum of Law (Doc. #8) filed on May 9, 2006.  Defendant General American Life Insurance Company filed its Response on May 23, 2006.  (Doc. #14.)

**I.**

    This case involves a contractual dispute arising out of a life insurance policy issued by defendant General American Life Insurance Company (the "insurer"), a foreign corporation. Plaintiff Mary Marion, the beneficiary, is the widow of Stephenson J. Marion, the purported insured who obtained the insurance policy through the insurer's agents, non-diverse defendants James and Eugene Harmarty.  After the death of the purported insured,

plaintiff filed a claim to collect the benefits under the policy. The insurer denied the claim. Plaintiff then filed a Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (1) seeking declaratory relief regarding the subject insurance policy; and (2) alleging a breach of contract claim. The insured timely removed the matter to federal court on April 28, 2006. (Doc. #1.) The insured asserts that subject matter jurisdiction exists based on diversity because the non-diverse individual defendants were fraudulently joined. Plaintiff has now filed the instant Motion to Remand.

**II.**

In her Motion to Remand, plaintiff argues that the parties are not completely diverse, and consequently, the Court lacks subject matter jurisdiction. The insured responds that the non-diverse defendants have been fraudulently joined to destroy diversity. The insured further contends that plaintiff does not have a cognizable claim against the non-diverse defendants.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. Id.

Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001)(citations and quotations omitted). After the Alabama Supreme Court answered a certified question, the Eleventh Circuit re-iterated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, but the Court may consider the affidavits submitted in connection with the Notice of Removal. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The Court's function, however, is limited, and plaintiff's burden is light. "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then

resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." Crowe v. Coleman, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted).

Applying these principles, the Court finds that the non-diverse individual defendants were fraudulently joined based on the Complaint at the time of removal.  In the Complaint, plaintiff alleges that the non-diverse defendants are Florida insurance agents, that Mr. Marion applied for the Policy using the agents, and he relied upon their skills and competence in completing an insurance application.  (Doc. #2 ¶¶ 4, 7.)  The agents are only named in the claim for declaratory relief, not for the breach of contract claim.  Aside from these assertions, plaintiff makes no other allegations against the non-diverse defendants.  The Court finds that there is no possibility that a cause of action against defendants James Harmarty and Eugene L. Harmarty is stated in the Complaint.  Thus, the Court will deny the Motion for Remand, and will dismiss the individual defendants from the action.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction (Doc. #8) is **DENIED.**

2.  The Complaint is dismissed without prejudice against defendants James Harmarty and Eugene L. Harmarty.

3.  The Clerk of the Court shall terminate all pending motions, including the individual defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #4), as they relate to defendants James Harmaty and Eugene L. Harmarty.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of December, 2006.

```
                                    /s/ John E. Steele
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Counsel of record