UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY MARION,

                Plaintiff,

vs.                                        Case No.  2:06-cv-219-FtM-29SPC

GENERAL AMERICAN LIFE INS. CO.,

                Defendant.
_____

### OPINION AND ORDER

_____This matter comes before the Court on plaintiff's Motion for Rehearing on this Court's Opinion and Order Denying Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction and Renewed Motion to Remand Based on Proposed Amended Pleadings (Doc. #31), filed on December 18, 2006.  Defendants James Harmaty and Eugene L. Harmaty and defendant General American Life Insurance Company each filed Responses (Docs. #37, #38).  Plaintiff also filed a Notice of Supplemental Authority (Doc. #33).

On December 8, 2006, the Court entered an Opinion and Order (Doc. #29) denying plaintiff's Motion to Remand finding that the non-diverse defendants were fraudulently joined and that no possibility of a cause of action against them existed.  The Complaint was dismissed without prejudice against defendants James Harmarty and Eugene L. Harmarty who were only named in Count I seeking declaratory relief.  On December 18, 2006, plaintiff moved

to amend the Complaint to state a claim against the dismissed defendants adding a claim of negligence.  On January 4, 2007, leave to amend was denied.  (See Doc. #34.)

Plaintiff seeks reconsideration of the Opinion and Order denying the request to remand.  Plaintiff's arguments based on the amended complaint are moot since leave to amend was denied and the operative pleading is the initial Complaint (Doc. #2).

**I.**

Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986); American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).  "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation."  Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  Painewebber Income Props. Three Ltd. P'ship  v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)(citing Government Personnel Servs., Inc. v. Government Personnel Life Ins.

Co., 759 F. Supp. 792, 793 (M.D. Fla. 1991)).  The motion must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Painewebber at 1521 (citing Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73 (citations omitted).  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).

### A.

Plaintiff argues that the Court should exercise its discretion and refuse jurisdiction because the decision in Blumberg v. USAA Casualty Insurance Co., 790 So. 2d 1061 (Fla. 2001) arguably leaves open the issue of whether the insured is barred from asserting a claim against the agent while pursuing a claim against the insurer.

The Florida Supreme Court reviewed Blumberg to address a conflict with Peat, Marwick, Mitchell & Co. v. Lane, 565 So. 2d 1323 (Fla. 1990).  In doing so, the Court found that the limitations period for a negligence action against an agent did not accrue until proceedings against the insurance company were complete. Blumberg, 790 So. 2d at 1065.  The Court further found that a party would be estopped from proceeding against the agent

thereafter because the party's position would necessarily be inconsistent with the position taken against the insurance company. Id. at 1066. As this case presents no negligence claim and the agent is not an indispensable party to the declaratory action[1], this Court finds Blumberg has no application to the facts alleged in the Complaint. Upon review, the Court finds that plaintiff has failed to articulate a basis for reconsideration that was not known at the time the Complaint was initiated or when remand was sought.

**B.**

In the alternative, if the Court were to apply the motion for reconsideration to the motion to amend, the motion would be denied. After balancing the equities, and considering the following factors: the purpose of the amendment; whether the amendment was untimely; and whether plaintiff would be injured if the amendment were denied, Jarriel v. General Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993)(citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)), the Court finds that the amendment would not be permitted. As stated by the Magistrate Judge, knowledge of any potential claims against the insurance agents were known and should have been asserted at the time of initiating the suit. (Doc. #34, p. 3.) In this context, applying Blumberg, such a claim would not accrue until the conclusion of this case. Therefore, plaintiff has failed to articulate a basis for reconsideration on this basis.

---

[1]See McKay v. State Farm Fire & Cas. Co., 731 So. 2d 852, 855 (Fla. 4th DCA 1999).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Rehearing on this Court's Opinion and Order Denying Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction and Renewed Motion to Remand Based on Proposed Amended Pleadings (Doc. #31) is **DENIED** for the reasons stated above.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2007.


_____

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record